**PITNEY HARDIN LLP**
(MAIL TO) P.O. BOX 1945, MORRISTOWN, N.J. 07962-1945
(DELIVERY TO) 200 CAMPUS DRIVE, FLORHAM PARK, N.J. 07932-0950
(973) 966-6300

**ATTORNEYS FOR** Defendant
Ford Motor Company

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN PULIAFICO, | : | HONORABLE |
| | | Civil Action No. |
| Plaintiff, | : | |
| v. | : | |
| FORD MOTOR COMPANY, | : | **NOTICE OF REMOVAL** |
| Defendant. | : | |
| | : | |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Ford Motor Company ("Ford" or "Defendant"), Defendant in the above-captioned matter, hereby files the within Notice of Removal and states in support of the Notice of Removal that:

1.  This action was commenced in the Superior Court of New Jersey, Law Division, Passaic County, by the filing of a Complaint on November 8, 2006, and is entitled *John Puliafico v.*

1484077A01122606

*Ford Motor Company*, Docket No. L-4739-06. True copies of the Summons, Complaint, Civil Case Information Statement, and Track Assignment Notice are attached hereto as Exhibit 1.

2. Ford was served with copies of the Summons and Complaint on December 1, 2006. Counsel for Ford received a copy of the Civil Case Information Statement and Track Assignment Notice in this action by facsimile on December 26, 2006.

3. This Notice of Removal is filed within thirty (30) days of notice of the initial pleading setting forth the claims for relief upon which this action is based. The time period of thirty (30) days from Ford's receipt of the Summons and Complaint expires on January 2, 2007.

4. The Summons, Complaint, Civil Case Information Statement, and Track Assignment Notice represent all the process, pleadings, or orders served upon or otherwise received by Defendant in this action. No hearings or other proceedings have taken place in this action to Defendant's knowledge.

5. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendant Ford Motor Company pursuant to 28 U.S.C. § 1441, in that it is a civil action of which the district courts have original

2

jurisdiction founded on a claim arising between citizens of different states, and the amount sought exceeds the sum of $75,000.00, exclusive of interest and costs, in that the damages (including back pay, front pay, benefits, compensatory damages, and punitive damages) and attorney's fees sought by the Plaintiff exceed $75,000.00.

6. The Defendant will give written notice of the filing of this Notice of Removal to all adverse parties, as required by 28 U.S.C. § 1446(d).

7. The Defendant will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Passaic County, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Ford Motor Company requests that the foregoing action be removed from the Superior Court of New Jersey, Law Division, Passaic County, to the United States District Court for the District of New Jersey.

PITNEY HARDIN LLP
Attorneys for Defendant
Ford Motor Company


By: _____
WENDY JOHNSON LARIO
A Member of the Firm

DATED:   December 29, 2006

# EXHIBIT 1

Attorney(s):          WILENTZ, GOLDMAN & SPITZER, P.A.
Address:              90 Woodbridge Center Drive, P. O. Box 10
                      Woodbridge, New Jersey 07095
Telephone No:         (732) 636-8000
Fax No.:              (732) 855-6117
Attorney(s) for Plaintiff(s): **John Puliafico**

```
------------------------------------------------------X
JOHN PULIAFICO,                              :    SUPERIOR COURT OF NEW JERSEY
                                             :    LAW DIVISION
                         Plaintiff(s),       :    PASSAIC COUNTY
                                             :
                                             :
          vs.                                :    DOCKET NO. L-4739-06
FORD MOTOR COMPANY,                          :
                                             :         CIVIL ACTION
                         Defendant(s).       :         SUMMONS
                                             :
------------------------------------------------------X
```

From the State of New Jersey
To the Defendant(s) Named Above: **Ford Motor Company**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: December 5, 2006                                    _Donald F. Phelan_
                                                           _Superior Court Clerk_

Name of Defendant to be Served:    Ford Motor Company
Address of Defendant to be Served:    280 Prospect Plains Road
                                      Cranbury, NJ  08512

## *$105 FOR CHANCERY DIVISION CASES OR $110 FOR LAW DIVISION CASES

31 Summons – Law or Chancery Divisions
Superior Court – Appendix XII-A

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section
Room 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn.: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd
Mt. Holly, NJ 08606
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVCIES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth St.
Camden, NJ 08103-4001
LAWYER REFERRAL
(609) 964-4520
LEGAL SERVICES
(609) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
9 N. Main St
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(609) 692-6207
LEGAL SERVICES
(609) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
237 Hall of Records
465 Dr. Martin Luther King, Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn Intake
Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL
(609) 848-4589
LEGAL SERVICES
(609) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept
Brennan Court House – 1st Floor
583 Newark Ave
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 798-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 088822
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad St , P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Square, P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
71 Monument Park
P.O Box 1262
Court House, West Wing
Freehold, NJ 07728-1262
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Administration & Records Building
P.O. Box 910
Morristown, NJ 07963-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton St.
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market St., P.O Box 18
Salem, NJ 08079
LAWYER REFERRAL
(609) 935-5629
LEGAL SERVICES
(609) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ 08876
LAWYERS REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

RECEIVED
Office of the Superior Court Clerk
by Deputy Clerk of the Superior Court

NOV 0 8 2006

PASSAIC COUNTY

WILENTZ, GOLDMAN & SPITZER P.A.
Attorneys at Law
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey 07095
(732) 855-6034
Attorneys for Plaintiff

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
PASSAIC COUNTY
DOCKET NO. _L-4739-06_

-----------------------------X
JOHN PULIAFICO,           :
          Plaintiff,      :           Civil Action
                          :
v.                        :    COMPLAINT; JURY DEMAND;
                          :    DESIGNATION OF TRIAL COUNSEL;
FORD MOTOR COMPANY,       :    CERTIFICATION PURSUANT TO
                          :    N.J. RULE 4:5-1; REQUEST FOR
          Defendant.      :    INSURANCE AGREEMENTS PURSUANT
                          :    TO N.J. RULE 4:10-2


Plaintiff, John Puliafico, by way of complaint against

defendant, Ford Motor Company, says:

### FACTS COMMON TO ALL COUNTS

1.   Plaintiff John Puliafico (hereinafter "plaintiff") was

employed by Ford Motor Company as a General Plant Skilled

Maintenance worker for thirty-seven (37) years.

#2814892 (146018.001)

2.   Ford Motor Company ("Defendant") is a corporation with offices located in Cranbury, New Jersey.

3.   Plaintiff was a model employee who was never late and never had an unexcused absence during his tenure with Ford Motor Company.

4.   Plaintiff, then approximately sixty-one (61) years old, reported to Chris Fusco ("Fusco"), who was then approximately twenty-nine (29) years old and the building management company's representative, to receive his work assignments each day.

5.   Anade Jacobs ("Jacobs"), approximately forty (40) years old and Ford's Human Resources Representative at its Cranbury location, instructed plaintiff to report to Mr. Fusco to receive his daily assignments.

6.   Defendant delegated to Fusco supervisory authority over plaintiff, including the authority to dictate his daily work conditions and assignments.

7.   In or about September and/or October 2005, plaintiff complained to both Jacobs and Fusco on more than one occasion about working conditions at the Cranbury location.

8.   Plaintiff complained that the electrical panel's cabinet on the loading dock could not be locked, raising a safety issue, as unauthorized users could access the panel.

-2-

9.    Plaintiff received training during his career with Ford, including being specifically taught that an electrical panel cabinet door, as well as any other areas where electrical panels were located, should be locked to prevent tampering by unauthorized users.

10.    Plaintiff also complained about the unsafe conditions in the electrical room.

11.    Plaintiff complained that water or snow could leak into the electrical room, when the hatch on the ceiling was opened, and spill onto the electrical panels on the floor and on the walls, which were not waterproof.

12.    Workers could be put in an unsafe position when they worked on the electrical panels throughout the room and/or climbed to the roof through the hatch in order to work on/operate the air conditioning/heating systems located on the roof.

13.    Fusco responded to these safety complaints by stating that he didn't have a problem with the situation.

14.    Jacobs responded to these safety complaints by stating that she would get in touch with the human resources people to see what they were doing about it.

-3-

DEC-26-2006 14:48 FROM:WILENTZ

15. Ford never corrected the safety issues regarding the hatch, the electrical room, and the cabinet for the electrical panel on the loading dock.

16. Plaintiff also complained about the inadequate lighting in one area of the plant, called the Maintenance Shop.

17. This inadequate lighting prevented plaintiff and his co-workers from effectively doing their jobs and created a safety hazard for the workers.

18. Plaintiff and his co-workers could not see the machinery with which they were working, in order to properly operate the machinery or perform their work.

19. This put them in danger of accidents and personal injury, as they were working with heavy duty and potentially dangerous machinery.

20. Plaintiff and his co-workers were unable to read instructions or warning labels printed on the equipment they used because of the inadequate lighting.

21. This put them in danger of accidents and personal injury because plaintiff and his co-workers were unable to heed the warnings or follow the instructions on the labels printed on the machinery, since they could not see those warning labels or instructions.

22.   Plaintiff and General Plant Maintenance worker Dennis McCormick (who was approximately 62 years old at the time) were among the two of the oldest workers at the shop.

23.   Ford was pressuring its oldest workers to retire.

24.   Both Jacobs and Fusco questioned plaintiff more than once about when he was going to retire.

25.   In addition, both continually questioned plaintiff about why he wanted to commute the distance he drove to work, implying that he was too old to commute and would be better off retiring.

26.   On or about November 17, 2005, Fusco directed plaintiff and Mr. McCormick to install beams on the Maintenance Shop shelves.

27.   To reach the height of the shelves, plaintiff and Mr. McCormick used a forklift with a basket properly chained onto it as a man-lift.

28.   This precise method utilized to create a man-lift had been used by plaintiff and his co-workers for the entirety of plaintiff's thirty-seven (37) year career working for Ford.

29.   Plaintiff was never involved in any accidents with the forklift basket.

30.   Plaintiff always carefully and properly chained the basket to the forklift.

31.  Upon information and belief, Ford workers consistently used this method to create man-lifts at Ford's Teterboro location in order to do the work required to dismantle Ford buildings there.

32.  After using the man-lift to install the beams, plaintiff and Mr. McCormick used it to install the lighting unit.

33.  The lighting unit had finally been purchased by Ford after months of plaintiff's complaints that it was needed to ensure worker safety.

34.  Plaintiff installed the lighting unit because he knew that it otherwise would not be installed in the foreseeable future and that he and his co-workers therefore would have to continue to perform work with inadequate lighting which threatened their safety, although defendant was in possession of the lighting unit which would solve the safety problem.

35.  The lighting company workers were at the plant the day before; however, although they discussed the poor lighting at the shop with plaintiff, they said nothing about correcting it.

36.  Despite the fact that the lack of lighting was a serious safety concern, Fusco instructed plaintiff and Mr. McCormick to report to Jacobs, who told plaintiff and Mr.

McCormick that they had violated safety rules by using the basket on the forklift to install the light.

37. Jacobs was concerned only that the two workers had purportedly violated safety rules when they installed the light, although they installed both the beams and the light on the same occasion, using the same method.

38. Plaintiff explained to Jacobs that Fusco had ordered them to install the beams and that they installed the light at the same time.

39. Plaintiff told Jacobs that the scissor lift, the only other alternative method for them to use in installing the beams and light, was out for repairs and that Fusco was well aware, when he ordered them to install the beams, that the scissor lift would not be returned to the shop at any time soon.

40. Plaintiff told Jacobs that there was no other way to reach the shelves other than using the forklift and basket. He also told her that he had been using properly-installed baskets on forklifts for 37 years without any safety problems.

41. Jacobs responded that Fusco claimed that he had instructed plaintiff and Mr. McCormick to use ladders.

42. Plaintiff replied that Fusco had never said that they should use ladders.

43.  Plaintiff explained to Jacobs that Fusco knew that they did not have ladders tall enough to reach the shelves and therefore could not have used ladders to do the job.

44.  Plaintiff further stated that it was more dangerous to have one employee on one ladder, holding one end of a beam, and another employee, on another ladder, holding the other end of the beam, than to use the forklift basket.

45.  Using such a ladder would have threatened the men's safety because they would not be able to maintain balance and could be in danger of falling off the ladder and injuring themselves.

46.  Despite all the above, Jacobs told plaintiff that he should have waited to do the job until the scissor lift came back, even though he was told to do the job as soon as possible by Fusco.

47.  Plaintiff then explained to Jacobs that in or about June 2005, he had been disciplined for the first time in his 37-year career at Ford for not finishing a job.

48.  Plaintiff told Jacobs that he had installed the beams as quickly as possible, knowing that Fusco wanted the job done right away.

49.  Plaintiff also knew that he would be subjected to discipline if he did not quickly complete the job, given Ford's

-8-

campaign to rid the plant of its older workers and the fact that he had become a fly in the ointment, having frequently complained about safety issues.

50.   On or about November 18, 2005, Jacobs told plaintiff and Mr. McCormick that they were being discharged for violating safety rules in connection with putting up the lights.

51.   Upon information and belief, terminating plaintiff and Mr. McCormick for their actions was unusually harsh pursuant to Union guidelines and the Collective Bargaining Agreement.

52.   Based upon prior practice, if any disciplinary action was taken, at most a two (2) week suspension would have been the action taken against plaintiff and McCormick, not termination.

53.   Ford's reason for terminating plaintiff and McCormick was pretextual.

54.   The actual reason plaintiff and McCormick were terminated was in retaliation for plaintiffs' complaints about safety conditions at the plant, which he reasonably believed violated workplace standards for safety contained in the Occupational Health and Safety Act regulations, including, but not limited to, 29 CFR 1910, *et seq.*

55.   Plaintiff's and McCormick's terminations were also part of Ford's pattern of attempting to rid the Cranbury plant of its older workers.

## FIRST COUNT

### VIOLATION OF CEPA

56. Plaintiff repeats and realleges paragraphs 1-55 above as if fully set forth herein.

57. By and through the foregoing conduct, defendant violated the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1 et seq., by retaliating against plaintiff for disclosing, objecting to, and/or refusing to participate in conduct that he reasonably believed was unlawful, fraudulent, criminal, and/or incompatible with a clear mandate of public policy.

58. By reason of defendant's actions described above, plaintiff has suffered and continues to suffer economic losses, harm to career, harm to reputation, bodily injury with physical manifestations, physical pain and suffering, emotional distress, personal and social disruption, and other such damages compensable under CEPA.

**WHEREFORE,** plaintiff demands judgment against defendant, as follows:

A. Full compensation for back pay, benefits and remuneration, with interest;

-10-

B.  Full compensation for front pay, benefits and other remuneration, with interest;

C.  Compensatory and consequential damages;

D.  Punitive damages, as defendants' behavior was especially egregious and engaged in by upper level management;

E.  An Order requiring defendant to properly provide accurate, positive references for plaintiff and to refrain from providing false and inaccurate information which may negatively impact on plaintiff's reputation or future professional opportunities;

F.  Reasonable attorneys' fees and costs, enhanced pursuant to Rendine; and

G.  Such other relief as the Court may deem just and proper.

### SECOND COUNT

### AGE DISCRIMINATION

59.  Plaintiff repeats and realleges paragraphs 1-58 above as if fully set forth herein.

60.  By and through the foregoing conduct, defendant engaged in unlawful age discrimination in violation of plaintiff's rights secured by the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, et seq.

-11-

61.  The conduct engaged in by defendants constitutes egregious behavior and/or willful indifference, by upper management, to the rights of plaintiff sufficient to subject defendants to punitive damages under the LAD.

62.  By reason of the actions set forth above, plaintiff has suffered, and continues to suffer, damages, including: economic loss, physical and emotional distress, and career, personal and social disruption.

**WHEREFORE**, plaintiff demands judgment against defendant as follows:

A.  Full compensation for back pay, benefits and remuneration, with interest;

B.  Full compensation for front pay, benefits and other remuneration, with interest;

C.  Compensatory and consequential damages;

D.  Punitive damages, as defendants' behavior was especially egregious and engaged in by upper level management;

E.  An Order requiring defendant to properly provide accurate, positive references for plaintiff and to refrain from providing false and inaccurate information which may negatively impact on plaintiff's reputation or future professional opportunities;

-12-

F.   Reasonable attorneys' fees and costs, enhanced pursuant to Rendine; and

G.   Such other relief as the Court may deem just and proper.

WILENTZ, GOLDMAN & SPITZER, P.A.
Attorneys for Plaintiff

By:

MAUREEN S. BINETTI

Dated:  November 8, 2006

-13-

## JURY DEMAND

Plaintiff hereby demands a trial by a jury as to all issues so triable.

WILENTZ, GOLDMAN & SPITZER, P.A.
Attorneys for Plaintiff

By: _____

MAUREEN S. BINETTI

Dated:   November 8, 2006

NOV 08 2006

PASSAIC COUNTY

-14-

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Maureen S. Binetti, Esq., of Wilentz, Goldman & Spitzer, as trial counsel for plaintiff in the above-captioned matter.

WILENTZ, GOLDMAN & SPITZER, P.A.
Attorneys for Plaintiff

By: _____
MAUREEN S. BINETTI

Dated: November 8, 2006

RECEIVED
Office of the Superior Court Clerk
by Deputy Clerk of the Superior Court

NOV 0 8 2006

PASSAIC COUNTY

-15-

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that, to the best of my knowledge, this matter is not the subject of any other action or other proceeding and that no other action or other proceeding is contemplated at this time.

I further certify that, to the best of my knowledge, there are no other parties who should be joined in this action at this time.

WILENTZ, GOLDMAN & SPITZER, P.A.
Attorneys for Plaintiff

By: _____
    MAUREEN S. BINETTI

Dated:  November 8, 2006

RECEIVED
Office of the Superior Court Clerk
by Deputy Clerk of the Superior Court

NOV 0 8 2006

PASSAIC COU

-16-

## REQUEST FOR INSURANCE AGREEMENTS PURSUANT TO
## NEW JERSEY RULE 4:10-2

Pursuant to N.J. Rule 4:10-2, plaintiff hereby demands that defendants provide all information regarding the existence and contents of any insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment.

WILENTZ, GOLDMAN & SPITZER
A Professional Corporation
Attorneys for Plaintiff

BY: _____
MAUREEN S. BINETTI

DATED: November 8, 2006

Filed
RECEIVED
Office of the Superior Court Clerk
by Deputy Clerk of the Superior Court

NOV 0 8 2006

PASSAIC COUNTY

-17-

| CIVIL CASE INFORMATION STATEMENT | FOR USE BY CLERKS OFFICE ONLY |
|---|---|

**CIVIL CASE INFORMATION STATEMENT**

**(CIS)**

Use for initial Law Division-Civil Part pleadings (not motions) under Rule 4:5-1

Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.

**FOR USE BY CLERKS OFFICE ONLY**

Payment Type:   CK        CG        CA

CHG/ CK NO.

AMOUNT:

OVERPAYMENT:

BATCH NUMBER:

| ATTORNEY/PRO SE NAME<br>MAUREEN S. BINETTI | TELEPHONE NUMBER<br>(732) 855-6034 | COUNTY OF VENUE<br>PASSAIC |
|---|---|---|

FIRM NAME (IF APPLICABLE)

Wilentz, Goldman & Spitzer, P.A.

DOCKET NUMBER (When Available)

*L-4739-06*

OFFICE ADDRESS

90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, NJ  07095

DOCUMENT TYPE
COMPLAINT

JURY DEMAND
☒ YES    ☐ NO

| NAME OF PARTY (e.g. John Doe, Plaintiff)<br><br>JOHN PULIAFICO | CAPTION<br><br>JOHN PULIAFICO v. FORD MOTOR COMPANY |
|---|---|

CASE TYPE NUMBER
(See reverse side for listing)

616 & 618

IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ☒ NO

IF YOU HAVE CHECKED "YES", SEE N.J.S.A. 2A-53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES
PENDING        ☐ YES    ☒ NO

IF YES, LIST DOCKET NUMBERS

DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?   ☐ YES   ☒ NO

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN
☐ None        ☒ Unknown

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?  ☒ YES  ☐ NO

IF YES, IS THAT RELATIONSHIP  ☒ EMPLOYER-EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain) ____
☐ FAMILIAL        ☐ BUSINESS

B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☒ YES  ☐ NO

STATUTE PROVIDES FOR FEES TO THE PREVAILING PARTY

RECEIVED
Office ___ ... Superior Court Clerk
by Depu ___    the Superior Court

NOV 08 2006

PAS... COUNTY

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

*Employment Discrimination case*

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?   ☐ YES  ☒ NO

IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: ____

WILL AN INTERPRETER BE NEEDED?   ☐ YES  ☒ NO

IF YES, FOR WHAT LANGUAGE: ____

ATTORNEY SIGNATURE

Revised October 2002

**SIDE 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under Rule 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I -- 150 days' discovery

| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY |
| 502 | BOOK ACCOUNT |
| 503 | COMMERCIAL TRANSACTION |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM OR UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 599 | CONTRACT |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |

### Track II -- 300 days' discovery

| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (OTHER THAN CEPA OR LAD) |
| 602 | ASSAULT AND BATTERY |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

### Track III - 450 days' discovery

| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER/CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

### Track IV – Active Case Management by Individual Judge / 450 days' discovery

| | |
|---|---|
| 156 | ENVIRONMENTAL COVERAGE LITIGATION |
| 234 | FRT PLYWOOD LITIGATION |
| 245 | ACTIONS UNDER FEDERAL Y2K ACT |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 613 | REPETITIVE STRESS SYNDROME |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRIT |

#### Mass Tort (Track IV)

| | | | | |
|---|---|---|---|---|
| 240 | DIET DRUG | 264 | PPA |
| 241 | TOBACCO | 601 | ASBESTOS |
| 243 | LATEX | 612 | BLOOD-CLOTTING SERUM |
| 246 | REZULIN | 702 | LEAD PAINT |
| 247 | PROPULSID | | |
| 248 | CIBA GEIGY | | |

| | |
|---|---|
| 999 | OTHER (Brief describe nature of action) _____ |

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."**

Revised October 2002

PASSAIC SUPERIOR COURT
PASSAIC COUNTY COURTHOUSE
77 HAMILTON STREET
PATERSON          NJ 07505                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 247-8183
COURT HOURS

                    DATE:   NOVEMBER 09, 2006
                    RE:     PULIAFICO VS FORD MOTOR COMPANY
                    DOCKET: PAS L -004739 06

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON ANTHONY J. GRAZIANO

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      007
AT:  (973) 247-8211.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: MAUREEN S. BINETTI
                              WILENTZ GOLDMAN SPITZER
                              90 WOODBRIDGE CENTER DR
                              SUITE 900 BOX 10
                              WOODBRIDGE          NJ 07095

    JUMEG4